97-101 Realty, LLC, Respondent,
against
Escarleth Sanchez, Appellant. 




Make the Road New York (Ezra Kautz of counsel), for appellant.
Law Offices of Scott D. Gross (Scott D. Gross of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Bruce E. Scheckowitz, J.), entered December 6, 2017. The order, insofar as appealed from as limited by the brief, granted landlord's motion for summary judgment dismissing tenant's rent-overcharge affirmative defense and counterclaim, and denied, "as moot," the branches of tenant's separate motion seeking summary judgment dismissing the petition and on her rent-overcharge counterclaim.




ORDERED that the order, insofar as appealed from, is reversed, without costs, landlord's motion for summary judgment dismissing tenant's rent-overcharge affirmative defense and counterclaim is denied, and the matter is remitted to the Civil Court for a new determination of the branches of tenant's motion seeking summary judgment dismissing the petition and on her rent-overcharge counterclaim, after affording the parties an opportunity to present additional evidence on those branches of tenant's motion in light of the newly enacted rent laws.
In this nonpayment proceeding, the petition alleges that tenant owes $18,763.73, based upon a monthly rate of $1,671.80, and that the apartment is subject to rent stabilization. Tenant interposed a pro se answer and later moved, with the assistance of counsel, to amend her answer to assert a rent-overcharge affirmative defense and counterclaim, and for leave to conduct discovery for more than four years of rent history, alleging potential fraud. The Civil Court (Thomas M. Fitzpatrick, J.) granted both branches of tenant's motion. Thereafter, landlord [*2]moved for summary judgment dismissing tenant's rent-overcharge affirmative defense and counterclaim, and tenant separately moved for, insofar as relevant to this appeal, summary judgment dismissing the petition and on her rent-overcharge counterclaim.
In support of her motion for summary judgment, tenant claimed that indicia of fraud existed, which would allow the court to review more than four years of rental history in order to determine tenant's claim, and that, based on that review, the court would find that landlord had overcharged tenant. In support of its motion, landlord asserted that tenant had waived her right to challenge the rental amount because, while represented by the same counsel, tenant had settled two prior nonpayment proceedings and had agreed to a renewal lease, specifying the new monthly rental rate, in one of the so-ordered stipulations, and that landlord had valid, non-fraudulent bases for increasing the legal rent to the amount specified.
Insofar as is relevant to this appeal, in an order entered December 6, 2017, the Civil Court (Bruce E. Scheckowitz, J.) held that, because tenant had neither moved to vacate the two prior nonpayment stipulations nor reserved, in those stipulations, her right to assert an overcharge claim, tenant was bound by the terms of the stipulations, and, upon that basis, granted landlord's motion and denied tenant's motion "as moot." 
Tenant appeals, arguing that the settlement stipulations did not bar her from challenging the amount of rent sought and that she established a colorable claim of fraud, allowing the court to look back beyond the four-year period. Landlord responds, among other things, that it conclusively established that it was entitled to charge a first rent because the apartment had been owner-occupied and had been expanded, and that tenant is precluded from alleging overcharge because she failed to raise such claim within four years after her tenancy commenced. 
Shortly before oral argument of the appeal was to be heard, the rent-overcharge statute was overhauled as part of the Housing Stability and Tenant Protection Act of 2019 (HSTPA) (L 2019, ch 36, part F), and tenant sought and obtained permission to file a supplemental brief addressing the changes. Tenant argues in her supplemental brief that the new statute applies to her overcharge claim, and that Rent Stabilization Law of 1969 (Administrative Code of City of NY) (RSL) § 26-516 (a), as amended, should be applied to allow the court, without any showing of fraud, to examine the entire relevant rent history for the premises, in order to determine the legal regulated rent for the premises, and to determine whether an overcharge, if any, was willful. Landlord argues, in its supplemental brief, that the HSTPA is unconstitutional on its face because it is a claim revival statute in violation of the Due Process Clause of the New York State Constitution; that the HSTPA is not retroactive and should not be applied to this proceeding; and that the HSTPA does not require a change to the Civil Court's decision.
Rent Stabilization Code (9 NYCRR) (RSC) § 2520.13 provides, in pertinent part, "An agreement by the tenant to waive the benefit of any provision of the RSL or this Code is void; provided, however, that based upon a negotiated settlement between the parties and with the approval of the DHCR or a court of competent jurisdiction, or where a tenant is represented by counsel, a tenant may withdraw, with prejudice, any complaint pending before the DHCR." Pursuant to this provision, a stipulation of settlement which sets the rent to be charged is void if that amount exceeds the legal regulated rent (see Cvetichanin v Trapezoid Land Co., 180 AD2d 503 [1992]; 153rd St. Apt. LLC v Alveranga, 30 Misc 3d 129[A], 2010 NY Slip Op 52290[U], *1 [App Term, 1st Dept 2010] ["We reject landlord's argument that tenant's overcharge and [*3]habitability claims are precluded by stipulations in prior summary proceedings. It is well settled that any agreement by a tenant to pay a sum in excess of the legal rent is void, and it cannot be presumed that a prior stipulation established the legal rent for the apartment" (citations omitted)]). Consequently, we reject landlord's contention that tenant waived her right to assert an overcharge claim.
Landlord's alternative explanations for the increases were asserted without sufficient supporting evidence to make a prima facie showing allowing for the grant of summary judgment (see Levinson v 390 W. End Assoc., L.L.C., 22 AD3d 397 [2005]). The affidavit from landlord's forensic engineer is insufficient to establish, prima facie, an expansion or individual apartment improvement (see 72A Realty Assoc. v Lucas, 101 AD3d 401, 402 [2012] ["Landlord, in its affidavit, states that in 2001, $30,000 worth of renovations to the apartment were completed, bringing the monthly rent above the $2,000 threshold. However, the record does not contain anything to support landlord's renovation claim, including for example, bills from a contractor, an agreement or contract for work in the apartment, or records of payments for the renovations"]). Landlord's claim that the prior tenant was in a relationship with the prior owner, without more, does not establish, prima facie, that the apartment was owner occupied (see RSC § 2520.6 [i]).
Because landlord failed to serve the New York State Attorney General with its supplemental brief, landlord's constitutional challenge to the HSTPA is not properly before this court (see CPLR 1012 [b] [3]).[FN1]
Since the HSTPA amendments to the rent-overcharge statutes (L 2019, ch 36, part F) are expressly applicable to pending claims (id., § 7), and the amendments eliminated the bar to looking back more than four years (see RSL § 26-516 [a], as amended), landlord's reliance upon that bar in support of its motion must also fail (see Dugan, 177 AD3d at 8).

In view of the foregoing, landlord's motion for summary judgment dismissing tenant's rent-overcharge affirmative defense and counterclaim should have been denied. As the Civil Court denied, "as moot," the branches of tenant's motion seeking summary judgment based on this claim and did not pass on the merits thereof, we remit the matter to that court for a new determination of the merits of those branches of tenant's motion, after affording the parties an opportunity to submit further evidence in view of the changes made by the HSTPA. Upon remittal, the Civil Court is now required to "consider all available rent history which is reasonably necessary to make" a determination as to whether a rent overcharge exists (RSL § 26-516 [a]; see Dugan, 177 AD3d 1).

Accordingly, the order, insofar as appealed from, is reversed, landlord's motion for summary judgment dismissing tenant's rent-overcharge affirmative defense and counterclaim is denied, and the matter is remitted to the Civil Court for a new determination of the branches of tenant's motion seeking summary judgment dismissing the petition and on her rent-overcharge [*4]counterclaim, after affording the parties an opportunity to present additional evidence on those branches of tenant's motion in light of the newly enacted rent laws.

PESCE, P.J., WESTON and SIEGAL, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: November 29, 2019



Footnotes

Footnote 1:We note that, in any event, the Appellate Division, First Department, has recently rejected a due process challenge to the relevant provisions of the HSTPA (see Dugan v London Terrace Gardens, L.P., 177 AD3d 1 [2019]).